[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Anthony D. Ballew appeals his conviction for receiving stolen property in violation of R.C. 2913.51(A).[1] Pursuant to Anders v. California,[2] Ballew's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Ballew's appeal.[3] Appellate counsel has filed an affidavit stating that he has advised Ballew that he has not found any prejudicial errors, and he now asks us to review the record independently. Further, appellate counsel has filed a motion to withdraw pursuant to Anders.
After reviewing the entire record,[4] we hold that it is devoid of error and that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Ballew because he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Ballew's brief also addresses an unrelated conviction for receiving stolen property in the case numbered B-0002839. Because a notice of appeal was not filed in that case, we are unable to review that portion of his brief.
[2] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[3] We note that in Smith v. Robbins, (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals; but, as of this writing, theAnders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), Sandusky App. No. S-98-049, unreported.
[4] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.